[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MORANDUM OF DECISION RE MOTION FOR IMMEDIATE TRIAL
CT Page 8286
On May 8, 1998, this case was the subject of a mandatory arbitration pursuant to Public Act 97-24. The arbitrator filed his decision on May 11, 1998, and the defendants filed a request for trial de novo pursuant to statute on May 22, 1998.
The plaintiff then sought to have the case assigned for immediate trial, in accordance with local procedure. Although neither specifically authorized nor prohibited by statute, this court has permitted the party not requesting a trial de novo following an arbitration the option of requesting immediate assignment for trial within fifteen days of receipt of the request for a trial de novo. This policy was published in a document entitled "Notice: Mandatory Arbitration and Fact-finding pursuant to Public Act 97-24, effective January 1, 1998", which notice has been displayed prominently in various locations around the judicial district courthouse. Additionally, at the outset of every arbitration calendar call, the undersigned makes the following statement on the record following his description of the procedure for requesting a trial de novo: "As a matter of local policy, I have also determined that the party not requesting the trial de novo, i.e., the party who would be content to let the arbitrator's finding enter as a judgment, may, within fifteen days after the filing of the request for a trial de novo, move for immediate trial.
It is undisputed, however, that the plaintiffs' motion for an immediate trial was filed more than fifteen days after the filing of the request for a trial de novo. The defendants have objected to an immediate assignment for trial based on the failure to comply with the fifteen day policy established by this court, although they have indicated their availability for trial during certain weeks in September and October. The plaintiffs claim that they were unaware of a fifteen day policy and that they should not be penalized as a result.
This court is committed to the mandatory arbitration program as a method of promoting the fair and expeditious resolution of large numbers of civil cases which, but for such a program, could languish for years before being reached for trial It is consistent with its commitment to this program, however, to expect that all publicized rules and policies be adhered to by all sides.
It is clear that the court's policy regarding a fifteen day CT Page 8287 window for seeking an immediate assignment for trial was well publicized and, if not actually known by the plaintiffs and their counsel, should have been known by them. The motion for an immediate assignment for trial is therefore denied, but the parties are directed to confer with regard to the several September and October dates proposed by the defendants, and, if a mutually agreeable date is found, to contact the jury assignment clerk to arrange for placement of the case on the assignment list for that particular trial week certain.
Jonathan E. Silbert, Judge